IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


AMANDA J. PRINGLE                                                    PLAINTIFF


v.                                        CIVIL NO. 25-3076


FRANK BISIGNANO, Commissioner
Social Security Administration                                       DEFENDANT


### MEMORANDUM OPINION

Plaintiff, Amanda J. Pringle, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on October 30, 2022, alleging an inability to work since October 30, 2022,[1] due to multiple sclerosis, depression and anxiety. (Tr. 61). An administrative video hearing was held on July 18, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 34-59).

By written decision dated February 28, 2025, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 15). Specifically, the ALJ found Plaintiff had the following severe impairments: anxiety and multiple

---

[1] Plaintiff, through her counsel, amended her alleged onset date to December 9, 2022. (Tr. 13, 42).

sclerosis. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except she can occasionally bilaterally reach overhead. In addition, the claimant can understand, remember, and carry out simple, routine, and repetitive tasks; can respond to usual work situations and routine work changes; can have frequent contact with the general public; and has no limitations on contact with co-workers or supervisors.

(Tr. 18). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a document preparer, an addresser and an escort vehicle driver. (Tr. 26-27).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on September 3, 2025. (Tr. 1-5). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 18).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and

one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issues on appeal: 1) The ALJ failed to find that Plaintiff met or medically equals a Listing; 2) The ALJ failed to give appropriate weight to Plaintiff's subjective complaints; 3) The ALJ erred in determining Plaintiff's RFC; and 4) The ALJ erred by finding jobs that are not reasonably possible and only conceivable if one disregards all of Plaintiff's severe and non-severe impairments. (ECF No. 15). Defendant argues that the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 18).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. Plaintiff claims the ALJ erred in evaluating her impairments under Listings 1.15, 11.09, and 12.06. (ECF No. 15, pp. 4-7). Plaintiff has the burden of demonstrating that her impairments meet all the requirements of a given Listing. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). Upon review of the record, the Court finds substantial evidence supporting the ALJ's determination that Plaintiff's impairments did not meet or equal the requirements of any Listing during the relevant time period.

Plaintiff claims that the ALJ erred in evaluating her subjective allegations of disability. (ECF No.15, p. 7-14). In assessing the subjective allegations of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529. *See Shultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity

of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski*, 739 at 1322.

In the present action, the ALJ fully complied with *Polaski* in her evaluation of Plaintiff's subjective complaints. (Tr. 17-25). The ALJ's opinion outlines Plaintiff's subjective allegations and noted inconsistencies between those allegations and the record. *Id*. The ALJ also noted Plaintiff's daily activities and set forth the reasons for finding them not as limiting as described by Plaintiff. *Id*. Furthermore, the ALJ carefully summarized Plaintiff's medical records and noted how she was receiving treatment for her impairments that provided some symptom relief. Based upon the Court's review, there is no basis for reversal on this issue. *See Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (recognizing an ALJ may discount a "claimant's subjective complaints… if there are inconsistencies in the record as a whole").

In determining that Plaintiff maintained the RFC to perform sedentary work with limitations, the ALJ considered the medical assessments of examining and non-examining agency medical consultants; Plaintiff's subjective complaints; witness statements and her medical records. With each medical opinion, the ALJ stated how persuasive she found each opinion and articulated the basis for her finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). After reviewing the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's

4

impairments did not preclude her from performing work as a document preparer, an addresser and an escort vehicle driver during the relevant time period. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 30th day of June 2026.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE